IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD C. BACHMAN,

        Plaintiff,                    No. CIV S-03-1735 LKK EFB P

    vs.

J. KUHN, et al.,

        Defendants.             ORDER AND
                                      FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Defendants[1] filed an unenumerated Fed. R. Civ. P. motion to dismiss on November 20, 2006, for failure to exhaust administrative remedies prior to filing suit.

**I.  Standards Applicable to This Motion**

       Defendants seek dismissal under Rule 12(b) of the Federal Rules of Civil Procedure.

////

---

[1] Defendants Kuhn, Griffith, and Friend filed their motion to dismiss on November, 20, 2006. Defendants Hollingsworth and Peddicord joined in that motion on December 14, and 26, 2006, respectively.

1

While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[2] *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment. Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement.

## II.     Rule 56 Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[3] As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

---

[2] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* In this regard, the Ninth Circuit in *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

[3] On September 7, 2006, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

**III.    Failure to Exhaust**

The applicable statute is 42 U.S.C. § 1997e(a), which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statue makes exhaustion a precondition to *suit*." (citation omitted)).  A prisoner seeking leave to proceed *in*

*forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id.*, at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id.*, at § 3084.5. A division head reviews appeals on the first formal level, *see Id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id.*, at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id.*, at § 3084.1(a).

## IV. Facts[4]

At all times relevant to the complaint, plaintiff was a lawfully incarcerated inmate at High Desert State Prison in Susanville, California. In his fourth amended complaint, filed on May 18, 2004, plaintiff alleges that his Eighth Amendment rights were violated when defendant Kuhn, a correctional officer, applied excessive force in restraining him and defendant correctional officers Griffith, Friend, and Hollingsworth assisted in handcuffing and escorting

////

---

[4] The facts are taken from defendants' November 20, 2006, motion to dismiss.

him to a holding cage.[5]

**V.     Analysis**

As stated above, defendants contend that plaintiff cannot proceed with this action against them because plaintiff failed to exhaust the available administrative remedies. Defendants present evidence that plaintiff' Director's Level appeal was screened out as untimely as plaintiff did not timely request a Director's Level decision. Defs.' Mot. to Dism., Decl. of N. Grannis at ¶ 4 & Ex. A. Although plaintiff has argued that he properly exhausted, he submits no evidence upon which it could reasonably be found that he has satisfied the requirements of 42 U.S.C. § 1997e(a) that he pursue the available appeal to the Director's level prior to commencing this action. Therefore, all other facts are rendered immaterial and defendants are entitled to judgment as a matter of law.

Plaintiff's response in opposition to defendants' motion to dismiss includes a request for discovery. Additionally, plaintiff filed a document styled as a motion for a protective order, which the court construes as a motion to compel the discovery of plaintiff's trust-account statements and trust withdrawal slips. The court denies these motions as they will become moot upon the adoption of these findings and recommendations.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's December 15, 2006, request for discovery is denied as moot; and

2. Plaintiff's January 8, 2007, motion is denied as moot.

Further, it is hereby RECOMMENDED that:

1. Defendant's November 20, 2006, motion to dismiss for failure to exhaust administrative remedies be granted; and

2. The Clerk be directed to close this case.

////

---

[5] Plaintiff's fourth amended complaint originally contained two causes of action. Following dismissal and a decision on appeal, only the Eighth Amendment claim survived.

1  These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after
3 being served with these findings and recommendations, any party may file written objections
4 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
5 to Magistrate Judge's Findings and Recommendations."  Failure to file objections
6 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
7 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
8 Dated:   August 23, 2007.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE